USDC SCAN INDEX SHEET



LMH    9/14/99    10:34
3:96-CV-01307   TELIOS PHARMACEUTICA V. MERCK KGAA
*723*
*RPLYOPPM.*

```
 1  WILLIAM C. ROOKLIDGE (No. 134483)
    MATTHEW F. WEIL (No. 157505)
 2  LEE M. GORDON (No. 174168)
    HOWARD, RICE, NEMEROVSKI, CANADY,
 3     FALK & RABKIN
    A Professional Corporation
 4  610 Newport Center Drive, Suite 450
    Newport Beach, California 92660-6435
 5  Telephone: 949/721-6900
    Facsimile: 949/721-6910
 6
    M. PATRICIA THAYER (No. 90818)
 7  HOWARD, RICE, NEMEROVSKI, CANADY,
       FALK & RABKIN
 8  A Professional Corporation
    Three Embarcadero Center, 7th Floor
 9  San Francisco, California 94111-4065
    Telephone: 415/434-1600
10  Facsimile: 415/217-5910

11  TALIVALDIS CEPURITIS
    OLSON & HIERL, LTD.
12  20 North Wacker Drive, 36th Floor
    Chicago, Illinois 60606
13  Telephone: 312/580-1180
    Facsimile: 312/580-1189
14
    Attorneys for Defendants and
15  Counterclaimants MERCK KGaA, THE
    SCRIPPS RESEARCH INSTITUTE and
16  DR. DAVID A. CHERESH
```

FILED

U.S. DISTRICT COURT
DISTRICT OF CALIFORNIA

ORIGINAL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGRA LIFESCIENCES I, LTD., a Delaware corporation, and THE BURNHAM INSTITUTE, a California nonprofit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MERCK KGaA, a German corporation, THE SCRIPPS RESEARCH INSTITUTE, a California nonprofit corporation, DR. DAVID A. CHERESH, a California citizen,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | No. 96CV-1307 TW (AJB)<br><br>REPLY IN SUPPORT OF DEFENDANTS' **REQUEST FOR JUDICIAL NOTICE OF GERMAN PATENT LAW**<br><br>Hearing Off Calendar per Order dated August 25, 1999 |

96CV-1307 TW (AJB)

INTRODUCTION

Plaintiffs do not contend that Defendants' Request for Judicial Notice misstates the law. To the contrary. Plaintiffs tacitly concede that German law does, in fact, exempt scientific research from claims for patent infringement. Instead, Plaintiffs argue the Court should refuse to take judicial notice of the German exemption because Defendants' Request was untimely, the exemption is not relevant to any issue the jury will decide, and learning of the exemption will be too "confusing" to the jury.

Plaintiffs' arguments do not hold up. The importance of the German exemption became apparent when Plaintiffs' damages expert disclosed <u>for the first time</u> in his late April 1999 deposition that his $20+ million damages calculation is based on an assumption that Defendants could <u>not</u> have performed the accused research in Germany without incurring liability for patent infringement. In fact, that assumption is wrong. Defendants <u>could</u> have performed their research in Germany-- where Defendant Merck is located--without infringing <u>anyone's</u> patents, because German law exempts research activity from infringement claims. Thus, to fully evaluate Plaintiffs' damages theory, the jury needs to know of the German research exemption. The way to do that is for the Court to take judicial notice of the law and instruct the jury on it.

None of Plaintiffs' excuses for trying to prevent the jury from learning of the exemption has merit. Defendants' Request was timely; it complies with Rule 44.1; and the German exemption is highly relevant to a key issue in the case.

96CV-1307 TW (AJB)

-1-

I.

## THE GERMAN RESEARCH EXEMPTION DIRECTLY REBUTS PLAINTIFFS' DAMAGES ANALYSIS.

Plaintiffs urge the Court to refuse judicial notice of the German exemption because they claim it is "collateral to the real issues" here. Plaintiffs' Opposition to Defendants' Request for Judicial Notice ("Pl. Opp.") at 5:17-18.

Nothing could be further from the truth. One of the "real issues" in the case is damages. Plaintiffs' expert says that he arrived at his $20+ million damages number based on an assumption--imposed on him by Plaintiffs' counsel--that Defendant could not have performed the accused research in Germany without infringing someone's patents. As a result, Plaintiffs' damages theory is based on the assumption that Merck's "next-best alternative" to the alleged infringement would have been to pursue new mimetic research in the U.S. (which Plaintiffs' expert claims would have cost Defendants more than $20 million) instead of simply performing the peptide research in Germany--a very low-cost alternative.

The German research exemption shows that Plaintiffs' assumptions are wrong, and that Plaintiffs' damages expert therefore relied on a false premise. There is nothing "collateral" about destroying the credibility of Plaintiffs' damage expert and exposing the inaccuracy of his opinion.

II.

## DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IS NOT "UNTIMELY."

Plaintiffs' suggestion that Defendants' Request is

"untimely" is baseless. The purpose of Rule 44.1 notice is "[t]o avoid unfairly surprising opposing parties." <u>Stuart v. United States</u>, 813 F.2d 243, 251 (9th Cir. 1987), <u>rev'd on other grounds</u>, 489 U.S. 353 (1989); <u>see</u> Request at 2. Plaintiffs cannot claim they were "unfairly surprised" to learn the German exemption is relevant, since it was their own assumption--which they instructed their damages witness to build into his damages calculation--that made it relevant.[1]

Plaintiffs argue that Defendants' Request is "untimely" because Defendants did not raise the German exemption "at any point during the course of the litigation" (Request at 1:3-6) and Plaintiffs therefore have been "prejudiced" because they had no "opportunity to engage their own expert" on the subject. <u>Id.</u> at 1:24-25. Plaintiffs are wrong on both points.

Defendants' expert, Bruce Den Uyl, testified in his deposition to his assumption that Defendants <u>did</u> have the option of conducting their research in Germany. Mr. Den Uyl also raised the German alternative in his expert report rebutting Mr. Anderson's opinion testimony. Clearly, the German alternative was a subject in expert discovery.

Moreover, Plaintiffs have had months to get an expert on the subject. The minute Plaintiffs told their expert, early this year, to assume Defendants could not have done

---

[1] Plaintiffs admit that "[t]he <u>only reason</u> German law became an 'issue' in this case is because <u>Defendants sought to rebut Plaintiffs' damage analysis</u> by arguing that they could have carried out their research in Europe where German patent law allegedly exempts such research." Pl. Opp. at 4:18-22 (emphasis added).

96CV-1307 TW (AJB)

-3-

their research in Germany without infringing patents, Plaintiffs knew German patent law would be relevant. If they had <u>genuinely</u> wanted an expert to support that assumption, they had every opportunity to get one. Having chosen to do nothing to support their assumption, they cannot now claim to be "prejudiced" by their own inaction. If Plaintiffs are permitted to seek $20 million based on an assumption about what German patent law precludes, Defendants must be permitted to put <u>facts</u> before the jury--including what German law <u>actually</u> provides--that prove Plaintiffs' assumption is false.

### III.

### THIS COURT CAN PROPERLY TAKE JUDICIAL NOTICE OF THE GERMAN RESEARCH EXEMPTION.

Having failed to make any credible argument on "relevance" and "timeliness," Plaintiffs resort to a series of scatter-shot arguments. None of them has merit.

A. <u>No Expert Testimony Is Needed Either To Tell The Court What The Law Is Or To Explain How It Should Be Applied.</u>

Plaintiffs argue this Court should not take judicial notice of the German exemption because Defendants do not offer an expert to tell the Court what the law is or to explain how the law relates to the facts. Both arguments are wrong.

<u>First</u>, a request for judicial notice does not require expert testimony. <u>See</u> Fed. R. Civ. P. 44.1 ("in determining foreign law, [the court] may consider any relevant material or source."). <u>See</u> <u>In Re Trans Chem. Ltd.</u>, 978 F. Supp. 266, 275 (S.D. Tex. 1997), <u>aff'd</u>, 161 F.3d 314 (5th Cir. 1998) (expert testimony is not a "necessity in establishing foreign law";

96CV-1307 TW (AJB)

-4-

court may rely on "foreign case law decisions, treatises, and learned articles"); Request at 1-4. Defendants' Request established the existence of the German exemption with treatises, articles and testimony of their employees. That is more than sufficient, particularly since Plaintiffs do not dispute the substance of the law. See Universe Sales Co. v. Silver Castle, 51 U.S.P.Q.2d 1197, 1199 (9th Cir. 1999) (error for court to disregard unrebutted showing of relevant foreign law.)

Second, the Court needs no expert to tell it what the law is. That is the Court's role.[2] Pittway Corp. v. United States, 88 F.3d 501, 504 (7th Cir. 1996) ("determination of foreign law is an issue of law for the court").

Third, the effect of the German law on Plaintiffs' damages assumptions is so clear that no expert is needed to help the jury understand it. See Fed. R. Evid. 702 (expert testimony proper where it "will assist the trier of fact to understand the evidence"). Moreover, Defendants will introduce testimony by Defendants' employees, including Dr. Arno Hartmann (who worked for nine years in Merck's in-house patent and licensing departments), and researchers Dr. Alfred Jonczyk and Dr. Simon Goodman concerning the effect of the

---

[2] It is an abrupt about-face for Plaintiffs now to insist that Defendants need an expert to tell the Court what the law is. Plaintiffs argued strenuously in other motions in limine that experts could not properly "define the law." See Specht v. Jensen, 853 F.2d 805, 810 (10th Cir. 1988) (cited in Plaintiffs' Motion in Limine No. 16 at 3, 5 and in Plaintiffs' Opposition to Defendant's Motion in Limine No. 1 at 2).

96CV-1307 TW (AJB)

-5-

German exemption. These witnesses will explain Merck's understanding that German law exempts scientific research from infringement claims--an understanding that is consistent with the fact that Merck has never been sued (or even threatened with suit) as a result of its research in Germany, including experiments similar to the accused experiments here.[3]

B. <u>Defendants' Request Only Asks The Court To Take Judicial Notice Of What German Law Is; It Does Not Ask The Court To Do Any Fact Finding.</u>

Plaintiffs argue that Defendants' Request asks the Court to "take judicial notice . . . of how [the] law would be applied, if at all, to the accused experiments in this case." Pl. Opp. at 2:14-17. Thus, Plaintiffs suggest that Defendants "demand" "fact finding" by the Court. <u>Id.</u> at 3:12-14.

That is false. Defendants' Proposed Order asks the

---

[3] Plaintiffs do not argue that they did not have a full opportunity to depose Dr. Goodman on this issue. Although they try to suggest that Defendants prevented them from deposing Dr. Hartmann on the subject (Pl. Opp. at 1:8-12), that is false. Plaintiffs deposed Dr. Hartmann <u>only</u> as a Rule 30(b)(6) witness, and <u>only</u> on the very narrow subject of "the licensing of patented composition of matter or methods containing RGD peptides"--one of two Rule 30(b)(6) depositions permitted by Court order. <u>See</u> Order Granting In Part and Denying In Part Plaintiffs' Motion to Compel Deposition of Merck KGaA Pursuant to Rule 30(b)(6) filed February 16, 1999 at 11:22-24. Thus, when Plaintiffs' counsel asked a single question about Dr. Hartmann's then-present understanding of the experimental use exemption, Defendants properly objected that (1) it exceeded the scope of the 30(b)(6) deposition permitted by the Court; and (2) to the extent it required disclosure of communications with trial counsel, it also impinged upon the attorney-client privilege. Plaintiffs could have deposed Dr. Hartmann outside the Rule 30(b)(6) context and could have asked Dr. Hartmann his understanding of the German exception apart from his conversations with counsel, but <u>Plaintiffs chose not to do so</u>. Thus, Plaintiffs have only themselves to blame for their lack of discovery from Dr. Hartmann on this subject.

96CV-1307 TW (AJB)

Court <u>only</u> to take "judicial notice that German patent law includes an exemption for research." Proposed Order at 1:9-10.[4] It seeks no finding of fact. It will be up to the jury to decide the facts, including the impact of the German exemption on Plaintiffs' faulty damage assumptions.

C. <u>Whether Merck Had The Technical Ability To Perform The Research In Germany Is A Fact Question For The Jury.</u>

Plaintiffs argue the Court should not take judicial notice of the German exemption because they claim one of Merck's scientists testified that "Merck lacked the expertise necessary to perform those infringing experiments" in Germany. Pl. Opp. at 5:4-8. There are two flaws in this argument.

<u>First</u>, it is false. In truth, Dr. Jonczyk stated only that prior to <u>1992</u> (three years <u>before</u> Plaintiffs contend the hypothetical license negotiation would have taken place), Merck was not performing cell adhesion and $\alpha v \beta 3$ binding tests in Germany. Beckwith Decl. Ex. B (Jonczyk Depo.) at 46-47. On the very same page of the transcript, however, Dr. Jonczyk made clear that Merck later implemented the research at its facilities in Germany. <u>Id.</u>

<u>Second</u>, this argument is irrelevant to Defendants' Request. Whether the research could have been moved to Germany depends on (1) what the German law is; and (2) whether

---

[4] We believe it would be even clearer for the order to state that "[t]his Court takes judicial notice that, under German patent law, research activities are exempt from claims for patent infringement." Accordingly, Defendants submit a Revised Proposed Order reflecting this change. The substance of the Revised Order, however, is no different from the original.

96CV-1307 TW (AJB)

-7-

Merck had the technical ability to do the research there. The first issue is the legal question the Court is asked to decide in Defendants' Request. The second question is a factual one, and if Plaintiffs genuinely dispute it, it is for the jury to decide. Any factual dispute on that issue has no bearing on whether judicial notice of the German law is appropriate.

D. <u>European Patents Held By Third Parties Are Not At Issue In This Lawsuit And Have Nothing To Do With Defendants' Request For Judicial Notice.</u>

Plaintiffs urge the Court to refuse judicial notice of the German exemption because "[t]here is no evidence of the patents in force in Europe which could block Defendants' efforts." Pl. Opp. at 5:23-24. This misses the point.

The German research exemption is relevant because it exempts research conducted in Germany from claims of infringement by <u>any</u> patentholder. Thus, neither Plaintiffs nor any other patent holder could have prevented Defendants from doing their research in Germany. These "other patents"-- which Plaintiffs have never identified, either in their Opposition or in discovery--therefore are irrelevant to whether this Court should take judicial notice of the law.[5]

E. <u>Taking Judicial Notice of Relevant German Law In No Way Impairs Plaintiffs' Right To A Jury Trial.</u>

Plaintiffs make the argument that taking judicial

---

[5] In any event, Plaintiffs' suggestion that the jury will have to decide "whether Defendants would infringe the patents of any of the number of possible parties under European law" (Pl. Opp. at 4:26-27) is just plain wrong. "European patents" and "patents of others" are not at issue in this lawsuit. Only Plaintiffs' United States patents--and only the allegedly infringing activity in the United States--are at issue, or <u>could be</u> at issue.

96CV-1307 TW (AJB)

-8-

notice of a relevant German law will deprive Plaintiffs of their right to a jury trial. Pl. Opp. at 2:23-26.

Plaintiffs have a right to have a jury decide whether Defendants' research activities in the United States infringed their patents. That is the issue here, and Plaintiffs will have a jury trial on it. Plaintiffs have no right--constitutional or otherwise--to have a jury decide what the law is. That is the Court's role. By taking judicial notice of a German research exemption that is relevant to rebut Plaintiffs' damages assumption, this Court will in no way impair Plaintiffs' right to have the jury decide all disputed facts regarding their infringement and damages claims.[6]

## IV.

## THE COURT CANNOT EXCLUDE THIS RELEVANT LAW UNDER RULE 403.

Plaintiffs suggest the Court should refuse judicial notice of the German exemption under Rule 403 because it would be too confusing to the jurors. Pl. Opp. at 4-5. This amounts to an assertion that the Court should exclude evidence that favors Defendants. Rule 403 does not support the one-sided trial Plaintiffs seek.

Plaintiffs cite no authority for the proposition that Rule 403 can be used to prevent the jury from considering relevant law, as opposed to relevant facts. But even if it

---

[6] Plaintiffs' objection that the German exemption would give Defendants a "'free pass' from any claim of patent infringement" (Pl. Opp. 5:27-28) only means that Plaintiffs do not like the German law. But that is no reason for this Court to ignore it or to refuse to take judicial notice of it.

96CV-1307 TW (AJB)

could, Rule 403 permits a court to exclude relevant evidence <u>only</u> where the risk of confusion and prejudice are so great that they "substantially outweigh[]" the probative value of the evidence.  Fed. R. Evid. 403; <u>see</u> <u>United States v. Mende</u>, 43 F.3d 1298, 1302 (9th Cir. 1995)(Rule 403 "is an extraordinary remedy, to be used sparingly" (citation omitted)).  Plaintiffs do not--and cannot--show this standard is met.  There is nothing confusing about the German exemption; it is simple and easy to understand.  There is no reason to believe the jury would not be able to properly consider it in reaching their decision about damages.  And there is no question the law is highly relevant.  Under these circumstances, there is no basis for excluding this relevant law under Rule 403.

## CONCLUSION

For all these reasons, Defendants' Request For Judicial Notice should be granted.

DATED: September 10, 1999

                HOWARD, RICE, NEMEROVSKI, CANADY,
                    FALK & RABKIN
                A Professional Corporation

                OLSON & HIERL, LTD.

By: *[signature]*
                  WILLIAM C. ROOKLIDGE

Attorneys for Defendants and Counterclaimants MERCK KGaA, THE SCRIPPS RESEARCH INSTITUTE and DR. DAVID A. CHERESH

WD 090999/F-1178701:B201/32/1706561/v9

96CV-1307 TW (AJB)