








```
CAG     10/10/01    9:11
3:96-CV-01307   TELIOS PHARMACEUTICA V. MERCK KGAA
*1165*
*O.*
```

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGRA LIFESCIENCES I, LTD., a Delaware corporation, and THE BURNHAM INSTITUTE, a California nonprofit corporation, <br><br> Plaintiffs, <br> v. <br><br> MERCK KGaA, a German corporation, <br><br> Defendant, | Civil Action No. 961307-JMF |

Order[1]

Merck has filed a motion for new trial regarding damages. Plaintiffs oppose the motion and Merck has replied.

> Rule 59 allows a trial court to grant a new trial on all or part of the issues tried to a jury for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States. As one of the permissible reasons, a trial court may grant a new trial when the verdict is against the great weight of the evidence. The court may thus grant a new trial even where substantial evidence supports the verdict, if the verdict is against the clear weight of the evidence. Said another way, the evidence presented may have been sufficient to support the jury verdict. Nevertheless, the trial judge can grant a new trial. This discretionary authority is aided in part by the ability of the trial judge to weigh the evidence and assess the credibility of witnesses. Unlike a [judgment as a matter of law] the trial judge need not view the evidence from the perspective most favorable to the prevailing party.

Litton Systems, Inc. v. Honeywell, Inc., 87 F.3d 1559, 1576 (vacated on other grounds, 520 U.S.

---

[1] This order disposes of Post-Judgment No. 6 of 6.

1111 (1997) (quotations and citations omitted)).

Initially, and for the reasons stated in its order disposing of Post-Judgment Motion No. 5 of 6, the court rejects Merck's argument that the jury verdict includes post-judgment activities. The court also finds, for the reasons stated in its orders disposing of Post-Judgment Motion No. 5 of 6, that ample evidence exists to support the jury's damage award.

The court has reviewed Merck's internal financial projections prepared by Merck's expert Dr. Rohmann. These projections predicted over $100 million in possible profits to Merck if it pursued a drug development program using plaintiffs' patented technology. Based on the internal financial projections, the court finds Dr. Rohmann's testimony that the damages should be limited to $40,000 lacks credibility.

Merck argues that the jury's damage award was inconsistent with its finding that the FDA exemptions did not apply. The FDA exemption applies to situations where it would be reasonable for a party in Merck's situation to believe there was a decent prospect that the accused activities would contribute, relatively directly, to the generation of the kinds of information that are likely to be relevant to the FDA approval process for the product in question. Intermedics Inc. v. Ventritex Inc., 775 F. Supp. 1269 (N.D. Ca. 1991). Based on the evidence, the jury found that the activities engaged in did not satisfy the FDA exemption. Substantial evidence supported the damage award, and the damage award is not against the great weight of the evidence.

Merck argues that admission of Dr. Anderson's testimony was improper and prejudicial. The court previously rejected this argument in its Order Denying Defendants' Motions in Limine Nos. 3 and 4, filed January 13, 2000. For the same reasons as stated in the aforementioned Order, the court again rejects Merck's argument regarding Dr. Anderson's testimony.

2

Merck argues that Jury Instruction No. 57 was erroneous. Jury Instruction No. 57 stated:

> In determining the reasonable royalty in a hypothetical negotiation, you are also permitted to consider events and facts that occurred after the hypothetical negotiation took place. This is true even of subsequent events that could not have been known or predicted by the hypothetical negotiators, so long as the evidence reflects what the parties might have agreed to at the time of the hypothetical negotiations.

The court rejects Merck's argument. It was appropriate for the jury to consider the economic benefits Merck anticipated, because the future benefits would influence the hypothetical negotiations.

Merck argues that plaintiffs' damage analysis was flawed because of the uncertainties inherent in developing a new drug compound. However, plaintiffs' expert, Dr. Anderson, factored in these uncertainties in arriving at his conclusions regarding damages.

Merck argues that the jury should have been instructed not to rely on evidence that was arbitrary, unsupported, or based on speculative assumptions. In Jury Instruction No. 1, however, the jury was instructed that it must decide the case solely on the evidence and not based on any personal likes or dislikes, opinions, prejudice or sympathy. The jury was also instructed that opinion testimony should be judged like any other testimony.

Merck argues that the jury's damage award was designed to punish Merck for willful infringement. Nothing in the record supports Merck's argument.

The court finds and concludes that substantial evidence supports the damage award and the damage award is not against the great weight of the evidence. Merck's motion for a new trial regarding damages, Post-Judgment Motion No. 6 of 6 is Denied.

Date: Oct 9, 2001

3

[signature]
Senior United States District Judge

4