








```
CAG    11/1/01    10:03
3:96-CV-01307    TELIOS PHARMACEUTICA V. MERCK KGAA
*1166*
*O.*
```


UNITED STATES DISTRICT COURT

FOR THE SOUTHERN OF CALIFORNIA

FILED
2001 NOV 1 AM 10: 02

| | | |
|---|---|---|
| INTEGRA LIFESCIENCES I, LTD., a Delaware corporation, and THE BURNHAM INSTITUTE, a California nonprofit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>MERCK KGaA, a German corporation,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 96-CV-1307 |

## ORDER

Plaintiffs have filed a motion to retax costs awarded by the Clerk of the Court to Scripps Research Institute and Dr. David Cheresh in the amount of $31,782.33. Scrips and Cheresh have filed a cross-motion to retax costs. The motions have been fully briefed and oral argument has been heard.

Initially, the court finds that because a judgment was not entered against them, Scripps and Cheresh are prevailing parties under Civil Local Rule 54.1. Additionally, Ninth Circuit case law holds that Scripps and Cheresh are prevailing parties because a "dismissal with prejudice is tantamount to a judgment on the merits . . . ." See Zenith Ins. Co. v. Breslaw, 108 F.3d 205, 207 (9th Cir. 1997) (citations omitted) (abrogated on other grounds, Association of Mexican American Educators v. California, 231 F.3d 572 (9th Cir. 2000)). Scripps and Cheresh were dismissed form the case and are the prevailing parties under Ninth Circuit law. Plaintiffs arguments to the contrary are unpersuasive.

Federal Rule of Civil Procedure 54 grants the court broad discretion in awarding costs.

Scripps and Cheresh were defendants throughout the litigation, and were dismissed only two days before the court instructed the jury. Given that Scripps and Cheresh were in the case for nearly its entire length, and incurred costs in their defense, the court finds that they are entitled to recover costs.

Plaintiffs argue that Scripps and Cheresh should not be entitled to recover one-half of all costs incurred for the depositions of Dr. Kent Anderson, plaintiffs' damages expert, and Mr. Bruce Den Uyl, defendants' damages expert. "Depositions need not be introduced into evidence or used at trial to be taxable so long as at the time it was taken it could reasonably be expected that the deposition would be used for trial preparation." Civil Local Rule 54.1 (b).

Plaintiffs named Scripps and Cheresh as defendants on July 18, 1996. Plaintiffs did not withdraw their demand for damages against Scripps and Cheresh until July 20, 1999. Scripps and Cheresh were not dismissed from the case until March 13, 2000. Under Civil Local Rule 54.1 (b) it was reasonable for Merck to depose Dr. Anderson and Mr. Uyl in preparation for trial. The court finds that the costs of the depositions are taxable against plaintiffs.

Scripps and Cheresh have filed a cross-motion to retax costs, arguing that they are entitled to $30,169.53 for the preparation of visual aids. In reviewing the request for costs, the Clerk of Court declined to tax plaintiffs for the costs of the preparation of Scripps' and Cheresh's visual aids. The Clerk reasoned that although the visual aid costs were a taxable item, Scripps and Cheresh failed to comply with Civil Local Rule 54.1 (b) (7) (a) by not providing an explanation of how their courtroom visual aids related to a material issue in the case.

Mr. William Rooklidge, attorney for Scripps and Cheresh, submitted a declaration in support of the cross-motion to retax costs. Mr. Rooklidge states that the visual aids at issue were

2

animations used at trial and shown to the jury to assist the jury in understanding the complex technological issues of the case. Mr. Rooklidge states further that visual aids consisting of two animations were shown to the jury to explain the complex scientific principles of the case in layman's terms. Mr. Rooklidge states that one animation explained the differences between linear and cyclic peptides, and demonstrated how these peptides interact with receptors and are degraded in the body. Mr. Rooklidge also states that another animation detailed the process of angiogenesis and showed how antibodies and small peptides interact with receptors to prevent attachment which leads to apoptosis.

Dr. Cheresh used visual aids A74, A75, and A76 during his testimony to explain to the jury the complex scientific principles underlying the process of angiogenesis, the chick-Cam experiments and the binding of linear and cyclic peptides. Visual aid A77 was prepared to assist the jury in understanding the reasonable royalty analysis discussed by Dr. Anderson and Mr. Den Uyl.

The court finds that Scripps and Cheresh have adequately explained how the visual aids at issue related to material issues in the case. The visual aids are properly taxable under Civil Local Rule 54.1 (b) (7) (a). Scripps and Cheresh are entitled to the costs of preparing the visual aids. The cost of preparing the visual aids is $30,169.53. The total amount of costs which Scripps and Cheresh may recover is $61,951.86.

Date October 31, 2001

Senior United States District Judge

3