1  William C. Rooklidge (SBN 134483)
   Martha K. Gooding (SBN 101638)
2  HOWREY LLP
   2020 Main Street, Suite 1000
3  Irvine, California 92614
   Telephone: (949) 721-6900
4  Facsimile: (949) 721-6910
   Email: rooklidgew@howrey.com
5  Email: goodingm@howrey.com

6  Attorneys for Defendant and Counterclaimant
   MERCK KGaA

7

FILED
OCT 29 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11 | INTEGRA LIFESCIENCES I, LTD., a Delaware )   Case No. 96CV-1307-B (AJB)
     corporation, and THE BURNHAM INSTITUTE,  )
12 | a California nonprofit corporation,,      )   **JUDGMENT FOLLOWING MANDATE**
                                               )
13 |         Plaintiffs,                       )
                                               )
14 |    vs.                                    )
                                               )
15 | MERCK KGaA, a German corporation,         )
                                               )
16 |         Defendant.                        )
                                               )
17 | AND RELATED COUNTERCLAIMS.                )
18 |_____)

19       In light of the decision by the United States Court of Appeal for the Federal Circuit in *Integra
20  Lifesciences I, Ltd., et al. v. Merck KGaA*, 2007 U.S. App. LEXIS 17930, (Fed. Cir. 2007) (the
21  "Federal Circuit Opinion"), judgment is entered as follows:

22       1.       Judgment is entered in favor of Defendants Merck KGaA ("Merck"), The Scripps
23  Research Institute ("Scripps"), and Dr. David Cheresh ("Cheresh") (collectively, "Defendants") and
24  against Plaintiffs Integra Lifesciences I, Ltd. and The Burnham Institute (collectively, "Plaintiffs") on
25  Claim 2 of U.S. Patent No. 4,988,621 ("the '621 Patent") and Claim 14 of U.S. Patent No. 5,695,997
26  ("the '997 Patent") on the ground that said claims are invalid pursuant to 35 U.S.C. §102(b), and on all
27  of the remaining asserted claims of the '997 Patent and of U.S. Patent Nos. 4,792,525 ("the '525
28

1  Patent"), 4,879,237 ("the '237 Patent"), and 4,789,734 ("the '734 Patent") on the grounds that
2  Defendants do not infringe any of said remaining asserted claims.  Plaintiffs, and each of them, are
3  entitled to no relief against any of the Defendants.

4      2. Merck is entitled to recover from Plaintiffs, jointly and severally, costs as stipulated by
5  the parties, in the amount of Two Hundred Thousand Dollars ($200,000.00), to be paid in full no later
6  than thirty (30) days after entry of this Judgment.  Costs are not awarded to Cheresh or Scripps.

7      3. In the event the costs are not paid as set forth in paragraph 2 above, the amount of costs
8  shall increase to $207,800.00, and Merck shall, in addition, be entitled to post-judgment interest on the
9  increased amount of unpaid costs from the date of entry of this judgment until such costs are fully paid.

10     4. All prior orders taxing costs in favor of one or more of the Plaintiffs or in favor of one
11 or more of the Defendants shall be vacated as inconsistent with this judgment.

DATED: October __, 2007.

Hon. Rudi M. Brewster
UNITED STATES DISTRICT JUDGE